# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
1/2/2024 11:13 AM
SAN LUIS OBISPO SUPERIOR COURT
BY: [signature]
H. Esquivel, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
LOWE'S HOME CENTERS, LLC, LOWE'S COMPANIES, INC., LOWE'S HOME IMPROVEMENT, MALLARD HOLDING COMPANY, LLC, and DOES 1-30,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
CHRIS AUSTIN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Luis Obispo County Superior Court

CASE NUMBER: *(Número del Caso):* 24CVP-0008

~~1050 Monterey Street, Room 220, San Luis Obispo, CA 93408~~
901 Park Street, Paso Robles, CA 93446

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gabriela Munoz-Gomez, 8320 Morro Road, Atascadero, CA 93422

DATE: January 2, 2024 /s/Michael Powell Clerk, by [signature], Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-01*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Lowes Home Centers, LLC

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

ELECTRONICALLY FILED
1/2/2024 11:13 AM
SAN LUIS OBISPO SUPERIOR COURT
BY: H. Esquivel, Deputy Clerk

**WILLIAM D. AUSMAN (SBN 197995)**
**GABRIELA MUNOZ-GOMEZ (SBN339168)**
805 LAW GROUP, INC.
8320 MORRO ROAD
ATASCADERO, CA 93422
Telephone: 805-466-4800
Facsimile: 805-466-4801

Attorneys for Plaintiff CHRIS AUSTIN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN LUIS OBISPO**

CHRIS AUSTIN,

Plaintiff,

v.

LOWE'S HOME CENTERS, LLC, LOWE'S COMPANIES, INC., LOWE'S HOME IMPROVEMENT, MALLARD HOLDING COMPANY, LLC, and DOES 1-30,

Defendants.

CASE NO: 24CVP-0008

**COMPLAINT FOR DAMAGES**

1) Negligence Hiring, Supervision and Retention
2) General Negligence
3) Premises Liability

**COMPLAINT FOR DAMAGES**

1. Plaintiff CHRIS AUSTIN ("Plaintiff") brings his Complaint against Defendants LOWE'S HOME CENTERS, LLC, LOWE'S COMPANIES, INC., LOWE'S HOME IMPROVEMENT, MALLARD HOLDING COMPANY, LLC, and DOES 1-30 ("Defendants"), inclusive, and alleges as follows:

**INTRODUCTION**

2. On or about February 11, 2023, Defendants' employee dropped approximately 140 pounds of drywall on Plaintiff's right arm, which resulted in serious injuries. These injuries occurred on Defendants' property, while loading materials bought from Defendants, and

was caused by the negligence of Defendants' employee, who was acting within the scope of their employment.

3. This civil action seeks compensatory damages, including lost wages, medical expenses, and loss of earning capacity due to Defendants and their employee's negligence, at Defendants' premises which was the direct proximal cause of Plaintiff's injuries.

**PARTIES**

4. At all relevant times, Plaintiff CHRIS AUSTIN ("Plaintiff") is and was an individual residing in the County of San Luis Obispo, California.

5. At all relevant times, Defendants LOWE'S COMPANIES, INC., LOWE'S HOME IMPROVEMENT, MALLARD HOLDING COMPANY, LLC, and DOES 1-30 ("Defendants") are and were duly organized private corporate entities, existing under the laws of the State of California. At all relevant times, Defendants were the employer of DOES 1-20, who were employees, supervisors and agents of Defendants.

6. DOES 21-30 are individuals whose capacities are unknown to Plaintiff.

7. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1-30, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant.

**JURISDICTION**

8. This is a civil action for damages for vicarious liability, negligence hiring, supervising; and retaining; premises liability and general negligence. This Court has jurisdiction over the claims alleged herein.

**VENUE**

9. Venue is proper in San Luis Obispo County pursuant to Code of Civil Procedure § 395 because the injuries occurred in the City of Paso Robles, California.

10. Furthermore, venue is proper in San Luis Obispo County pursuant to Code of Civil Procedure § 395 because it is the county in which Defendants did business at the time of injury to Plaintiff.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

11. Plaintiff repeats and realleges each and every allegation in paragraph 1 through 10 of this Complaint with the same force and effect as if fully set forth herein.

12. On or about February 11, 2023, Plaintiff went to Lowe's Home Improvement Store # 2730 at 2445 Golden Hill Road in Paso Robles, California to pick up a few items before heading to a contracting job in Kettleman City. Among the items bought were two 4' x 8' sheets of 5/8" thick drywall.

13. Plaintiff used Defendants' "Pro Loader" service, which employs people to help load objects into customers' vehicles. The two sheets of drywall weighed approximately 140 pounds and were affixed together. While loading the drywall into Plaintiffs' truck, Defendants' employee/contractor within the scope of the employment, improperly dropped the drywall on Plaintiff's right arm. This negligence resulted in an immediate torn and retracted distal bicep tendon and inflamed with fluid 5 cm proximal to his right elbow. Plaintiff not limiting, suffered injuries to his neck and back as a result of the negligence of Defendants.

14. These injuries occurred on Defendants' premises, while loading materials bought from Defendants, and were caused by the negligence of Defendants' employee/contractor who was acting within the scope of their employment.

15. Plaintiff is informed, believes, and alleges that Defendants are negligently or otherwise responsible in some manner for the events and happening herein referred to and said Defendants negligently acted or failed to act. Said Defendants' acts, omissions, negligence, and/or the dangerous condition at the Defendants' premises were the direct and proximate cause of Plaintiff's injuries.

16. As a direct and proximate result of said acts, omissions, negligence, and/or the dangerous condition at the Defendants' premises, and each of them, Plaintiff was injured.

///

17. As a direct and proximate result of said acts, omissions, negligence, and/or the dangerous condition at the Defendants' premises, and each of them, Plaintiff has incurred economic and non-economic damages and continues to incur these damages, the full nature and extent of which are not yet known to Plaintiff, and leave is requested to amend this Compliant to conform to proof of time of trial.

**FIRST CAUSE OF ACTION**

**General Negligence (California Civil Code § 1714(a))**

18. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 17 of this Complaint with the same force and effect as if fully set forth herein.

19. Defendants, including their employees and agents, and each of them, regulated, controlled, managed, maintained, operated, supervised, repaired, and possessed the premises, and the "Pro Loader" service on which/how the injuries occurred and the employees and/or agents responsible for the injuries to Plaintiff.

20. Defendants offered a service to help load Plaintiff's vehicle but were negligent in ensuring this service could be provided in a reasonably foreseeable and safe manner.

21. Defendants were negligent in properly training and supervising their employees and agents to safely load materials as a part of their advertised Pro Loader service to Plaintiff.

22. Defendants were, responsible, not only for the result of his or her willful acts, but also for, "an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person." California Civil Code §1714(a).

23. Further, Defendants had a standard of care to Plaintiff who was on their property and using their service. Defendants failed in this standard of care.

24. The negligence of Defendants and their breach of care were foreseeable and substantial factors in the injuries to Plaintiff.

25. As a result of the negligence of Defendants, Plaintiff suffers not limited to medical expenses (past and future), pain and suffering, lost earning capacity, and loss of enjoyment of life, in an amount not yet ascertained, but exceeds the minimum jurisdictional limits of this Court.

///

**SECOND CAUSE OF ACTION**

**Negligence Supervision, Hiring and Retention**

26. Plaintiff repeats and realleges each and every allegation in paragraph 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27. Defendants owed a duty to Plaintiff to hire employees and contractors who are competent and specifically trained to properly secure the "Pro loader" service on and upon the property owned, operated, maintained and/or leased by Defendants in a safe and prudent manner and not to create a dangerous condition.

28. Plaintiff is informed, believes, and alleges, that Defendants' employment necessitated the property protection of the public and workers at Defendants premises, including parking lot. At the time of the incident, Defendants were working within the scope of their employment, and failed to properly aid Plaintiff loading the drywall purchased from Defendants onto Plaintiff's vehicle, resulting in dropping the material on Plaintiff's right side causing the allege injuries.

29. The failure of Defendants to ensure a safe load of material to Plaintiff's vehicle was the substantial factor in dropping the drywall onto Plaintiff's side which then caused serious injuries to Plaintiff.

30. Plaintiff is informed, believes, and alleges that Defendants were unfit and/or incompetent to perform the work for which they were hired.

31. Plaintiff is informed, believes, and alleges that Defendants knew or should have known that Defendants were unfit and/or incompetent and that their unfitness and/or incompetence created a particular risk to the general public who uses the "Pro Loader" service when buying material from Defendants.

32. Defendants unfitness and/or incompetence was the proximate cause of harm to Plaintiff.

33. Defendants failed and refused to properly hire, screen, train, and/or supervise their employees and/ or contractors who perform loading services on or upon the property owned, operated, maintained, or leased by Defendants in a competent manner.

///

34. As a direct and proximate result of the conduct of Defendants' failure, Plaintiff was injured and suffered damages, and will suffer damages in the future.

35. Accordingly, Plaintiff seeks compensatory damages in an amount to be determined at trial pursuant to this Cause of Action.

**THIRD CAUSE OF ACTION**

**Premises Liability (California Civil Code § 1714(a))**

36. Plaintiff repeats and realleges each and every allegation in paragraph 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37. On information and belief, Defendants including its employees and agents, and each of them, owned, regulated, controlled, managed, maintained, operated, supervised, repaired, possessed, or leases the premises where the incident occurred.

38. Defendants have a duty to maintain their property in a reasonably safe condition and keep such premises in order to avoid creating a substantial risk of injury.

39. Plaintiff was harmed, as alleged herein, as a result of the way Defendants, managed, controlled, maintained, operated, supervised their property.

40. Defendants were, "under a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm. A failure to fulfill this duty is negligence." (Brooks v. Eugene Burger Management Corp. (1989) 215 Cal.App.3d 1611, 1619.

41. Defendants were negligent in the use, operation or maintenance of their property.

42. As a result of the misconduct alleged, Plaintiff was harmed and such misconduct was substantial factor in causing Plaintiff's injuries.

43. An owner of a business that is open to the public must use reasonable care to protect patrons or guests from another person's harmful conduct on tis property. A premise's owner is required to exercise reasonable care for their invitees, safety and is liable for injuries resulting from a breach of this duty. The general duty includes not only the duty to inspect the premises in order to uncover dangerous conditions, but as well, the duty to take

///

affirmative action to control the wrongful acts of third persons which threaten invitees where the occupant has reasonable cause to anticipate such acts.

44. Plaintiff alleges herein that Defendants knew or should have known the risks of providing a "Pro loader" service on their premises, and it should have reasonably anticipated to avoid any dangerous conditions within the premises.

45. As a direct and legal result of Defendants' defective "Pro loader" service, resulting in dangerous conditions within Defendants' premises, Plaintiff seeks compensatory damages in an amount to be determined at trial pursuant to this Cause of Action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CHRIS AUSTIN requests entry of judgment in his favor against Defendants LOWE'S COMPANIES, INC., LOWE'S HOME IMPROVEMENT, MALLARD HOLDING COMPANY, LLC, and DOES 1-30, inclusive, as follows:

1) For compensatory damages, including suffered medical expenses (past and future), pain and suffering, lost earning capacity, and loss of enjoyment of life in an amount to be proven at trial;

2) For punitive damages in a sum according to proof at trial;

3) For prejudgement interest, according to proof; and,

4) For such further other relief as the Court may deem just, proper, and appropriate.

DATED: January 2, 2024

805 LAW GROUP, INC.

By ______________________

Gabriela Munoz-Gomez
Attorney for Plaintiff CHRIS AUSTIN

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
GABRIELA MUNOZ-GOMEZ (SBN339168) 805 Law Group Inc.
8320 Morro Road, Atascadero, CA 93422
TELEPHONE NO.: 805-466-4800 FAX NO. (Optional): 805-466-4801
E-MAIL ADDRESS: gabriela@805lawgroup.com
ATTORNEY FOR (Name): Chris Austin

FOR COURT USE ONLY

ELECTRONICALLY FILED
1/2/2024 11:13 AM
SAN LUIS OBISPO SUPERIOR COURT
BY: H. Esquivel, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN LUIS OBISPO
STREET ADDRESS: ~~1050 Monterey Street, Room 220, San Luis Obispo, CA 93408~~ 901 Park Street
MAILING ADDRESS: 1050 ~~Monterey Street, Room 220~~
CITY AND ZIP CODE: San Luis ~~Obispo, CA 93408~~ Paso Robles, CA 93446
BRANCH NAME: ~~San~~ Luis Obispo Paso Robles Branch

CASE NAME:
Chirs Austin v. Lowes Home Centers, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 24CVP-0008 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Three (3)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 2, 2024
Gabriela Munoz-Gomez
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SUPERIOR COURT, COUNTY SAN LUIS OBISPO<br>**Paso Robles Branch** 901 Park Street, Paso Robles, CA 93446<br>**San Luis Obispo** 1050 Monterey Street, Rm 220, San Luis Obispo, CA 93408 | |
|---|---|
| **Chris Austin vs. Lowe's Home Centers, LLC** | **CASE NUMBER**<br><br>**24CVP-0008** |
| | **Case Management Conference** |

1/22/2024

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

This case is assigned to **Judge Kelley, Michael C** for all purposes.

Plaintiff must serve the Summons and Complaint, a copy of this Notice; the Standing Case Management Order (located at https://www.slo.courts.ca.gov/os/tentativerulings.htm ) of the judge assigned for all purposes and must file proofs of service within 60 days after the Complaint is filed.

**Defendants shall file responsive pleadings with 30 days of service** unless the parties stipulate to an extension of not more than 15 days.

IT IS HEREBY ORDERED:

1. The parties or their attorneys must appear for a first Case Management Conference **on May 22, 2024, 9:00 AM, Paso Robles Department 2.** THE PARTIES OR THEIR ATTORNEYS MUST APPEAR AT THE CASE MANAGEMENT CONFERENCE EITHER IN PERSON OR BY ZOOM. For information regarding remote appearance via Zoom, please see the Court's website https://www.slo.courts.ca.gov/

2. Parties are responsible for reviewing and following the Case Management Order of the Assigned Judge. The orders are located at https://www.slo.courts.ca.gov/os/tentativerulings.htm

3. Each party must file and serve a Case Management Statement at least 15 days before the conference.

4. The person appearing at the first Case Management Conference must be familiar with the case and prepared to discuss suitability of the case for mediation, binding arbitration, judicial arbitration, or some form of alternative dispute resolution.

5. Trial will be set within the 11th or 12th month after the filing of the Complaint. Counsel must arrange their schedules, reserve dates with witnesses and schedule trial preparation with this in mind. Continuances will be granted only on a clear showing of good cause.

6. All law and motion matters will be calendared in the department of the assigned judge and filed with the Clerk's office.

7. Each party should be prepared to show cause why sanctions should not be imposed for a failure to comply with these rules. **LIMITED JURISDICTION ONLY:** unless the parties have entered into arbitration as required by Local Rules 9.00 and 26.00.

**SAN LUIS OBISPO COUNTY SUPERIOR COURT**
**DEPARTMENT P2**
**ASSIGNED CIVIL JUDGE**

INSTRUCTIONS FOR REMOTE APPEARANCE
BY VIDEOCONFERENCE USING *ZOOM* APPLICATION
YOU MAY APPEAR IN PERSON FOR THIS HEARING

**AUDIO ONLY APPEARANCE WILL NOT BE ACCEPTABLE FOR CIVIL HARASSMENT RESTRAINING ORDER HEARINGS OR EVIDENTIARY HEARINGS.**

**Before your hearing date:**

- Visit www.zoom.us for more information on how Zoom works and how you can join hearings or meetings. Zoom works on mobile devices such as smartphones and tablets, and on computer desktops that are equipped with both a camera and microphone. You can download the Zoom application onto your device or download the Zoom program if you are using a computer. (www.zoom.us/download).

- You do not need to create or pay for a Zoom account in order to participate in the hearing.

  - **Name your device with your legal name.**
    - **For Android users: Tap the following sequence: Settings> Quick settings> About device> Device name.**
    - **For iPhone users: go to Settings> General, then tap About; Tap Name and rename your device.**

- Test the Zoom audio and video functions on your device **before** your hearing. Visit www.zoom.us/test for more information on how to test your device.

**On your hearing date:**

- Log onto Zoom through your internet browser or through the app on your mobile device. To join the hearing, from the Zoom program or app, click on "Join A Meeting" and enter the Hearing ID and password shown here.

Join ZoomGov Meeting
https://www.zoomgov.com/j/1619576001?pwd=VWVOWmNYdEhZWldmajJ5T3c5QlVqQT09

**Meeting ID: 161 957 6001**
**Passcode: 79513**

One tap mobile
+16692545252,,1619576001# US (San Jose)
+16692161590,,1619576001# US (San Jose)

Updated 4/13/2023

Dial by your location
+1 669 254 5252 US (San Jose)
+1 669 216 1590 US (San Jose)
+1 646 828 7666 US (New York)
+1 551 285 1373 US
833 568 8864 US Toll-free

**Meeting ID: 161 957 6001**

Find your local number: https://www.zoomgov.com/u/a7tUYjH2G

Join by SIP
1619576001@sip.zoomgov.com

Join by H.323
161.199.138.10 (US West)

- You may also access the Zoom information from the court website at https://www.slo.courts.ca.gov
- Click on "Remote Court Appearances via Zoom" and locate the Department you are to appear in. Click on "Join Zoom Meeting".
- Upon joining the meeting, you will be placed in a "**WAITING ROOM**". When the court is ready to start the hearing, the court will move you from the waiting room into the meeting.

**During the hearing**:

- Existing rules and procedures regarding making a record by a court reporter or electronic device, or obtaining a transcript after the hearing, apply to remote appearances. Participants may not record or broadcast the remote appearance except in compliance with California Rule of Court, rule 1.150. A violation of this Rule may result in the imposition of sanctions as set forth in subsection (f) of Rule 1.150.

- Participants, including attorneys, parties, and other participants must:

  Participate in the remote appearance with the same degree of courtesy, decorum, use of appropriate language, and courtroom etiquette as required for a personal courtroom appearance;

  Dress in the same manner as they would for a personal appearance in court, without sunglasses, hats, and/or face coverings;

  Ensure that they have enough battery power for the entire remote appearance, including having a charger readily available, and having access to enough cellular data and/or Wi-Fi for the duration of the remote appearance;

Eliminate all ambient and/or distracting noise from the participant's location;

To the extent possible, place electronic mobile devices on a solid surface with the camera at eye level;

Ensure consistent lighting, avoiding rooms with bright windows and/or back-lighting, so that the participant can be seen;

Display their legal name on the videoconferencing screen;

Disable virtual background features except for the default virtual backgrounds on Zoom;

Speak directly into the microphone on the electronic device used to connect to the court session.

**Exhibits**:

If you want to present evidence to the Court, please follow the instructions below. **ALL EXHIBITS MUST BE PRESENTED TO THE COURT AND THE ALL THE PARTIES AT LEAST 5 DAYS PRIOR TO THE HEARING.**

- Print your exhibits and put them in the drop box outside the Paso Robles courthouse. If the exhibits are too large for the drop box, drop them off inside the courthouse at the counter between 8:30-12:00 daily.
- You may e-file your exhibits with the Court, however a hard copy is **required** to be dropped off prior to your hearing. For more information, go here: http://www.odysseyefileca.com/

**Please get your exhibits to the Court and all parties *BEFORE* the day of your hearing.**

# ALTERNATIVE DISPUTE RESOLUTION POLICY STATEMENT

## WAYS TO RESOLVE YOUR DISPUTE WITHOUT A TRIAL

Presented by the San Luis Obispo County Superior Court

The mission of your Superior Court is to resolve civil disputes fairly and efficiently. It is the court's policy to encourage persons involved in a lawsuit to consider methods other than a trial to resolve their disputes.

Did you know that 95% of all cases filed in court do not go to trial? Most cases are settled or decided in some other way. In fact, methods of settling disputes that do not require a trial have become the first choice of most businesses, government agencies and unions. Agreements to mediate or arbitrate disputes are now commonly found in contracts covering employment, medical care, banking and insurance.

Alternative Dispute Resolution is a catch-all term that refers to the ways other than a trial that can be used to resolve the dispute you brought to the courthouse. These options are typically less formal than trial and many provide opportunities to reach an agreement through a problem-solving approach rather than the adversarial approach of a trial. ADR can save time, reduce costs and increase your overall satisfaction with the outcome.

## THE ADVANTAGES OF ADR

**Reduce Legal Costs**: Nearly all cases are resolved without a trial. If a settlement is likely anyway, wouldn't it be better to save attorneys fees, court costs and experts fees by settling early? In a recent survey, two thirds said they saved money by using ADR.

**Reduce The Time Spent on the Dispute**: A dispute can usually be decided or settled much sooner by using ADR. It is almost always less expensive.

**Increase Control Over the Result**: Some methods of ADR allow the parties to fashion creative resolutions that are not available in a trial. Other ADR methods permit the parties to entrust a decision about the dispute to an expert in a particular field instead of to a judge or a jury without the same experience or knowledge. And in ADR, both the dispute and its resolution can remain confidential.

**Preserve Relationships**: ADR is generally a less adversarial and hostile forum for dispute resolution than a trial. An experienced mediator or arbitrator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction**: In ADR, the parties usually have a better chance to tell their side of the story than they do in trial. This increases the likelihood the case will settle as well as the parties= overall satisfaction with the outcome.

**Improve Attorney-Client Relationships**: Attorneys may benefit from ADR by being seen as problem-solvers instead of as aggressive advocates. Quick, cost-effective results are likely to produce repeat and new business from clients and their friends and associates.

## WHAT ARE THE ADR OPTIONS?

### MEDIATION

In mediation, an independent, neutral person called a mediator helps the parties reach a mutually acceptable resolution of their dispute. The mediator does not decide the dispute but is trained to help the parties communicate so they can settle the dispute on terms they design themselves.

If mediation does not result in a settlement, the case is returned to court. And if the case goes to trial, there are laws that protect the confidentiality of the things discussed during mediation.

**Advantages**: Mediation leaves control of the outcome with the parties. It may be a particularly effective tool when the

parties have a continuing relationship to consider such as persons who work together, are neighbors or are members of the same family. Mediation is also effective where emotions are blocking a resolution. An effective neutral mediator can hear the parties out and help them communicate with each other in an effective and non-destructive manner.

**Disadvantages**: Mediation may be ineffective if one of the parties will not cooperate or is unwilling to compromise. And it may not be a good choice if the history of the parties includes abuse or victimization. Mediation may not produce a satisfactory resolution of the dispute if one of the parties has a significant advantage in power or rank than cannot be neutralized by the mediator.

**ARBITRATION**

In arbitration, an independent, neutral person called an arbitrator decides what the outcome of the dispute will be. Each side presents evidence supporting its case in a setting that is more informal than a trial. Rules of evidence are relaxed.

Arbitration may be either binding or non-binding. Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's award as final. Generally, there is no right to appeal an arbitrator's final decision. Non-binding arbitration means that the parties are free to request a trial by a judge or a jury if they are unwilling to accept the arbitrator's findings and award.

**Advantages**: Arbitration is informal and usually less expensive than a trial. If the dispute involves a particularly complex matter, the parties can select an arbitrator who has training or experience in the subject matter of the dispute. If the dispute is not complex, the parties may simply wish to avoid the expense of a trial

**Disadvantages**: Generally, there is no appeal from a arbitrator's finding or award even if it is not supported by the evidence or the law. If a party to a non-binding arbitration requests a trial, there may be penalties for failing to achieve a better result.

**NEUTRAL EVALUATION**

In early neutral evaluation, the parties employ an expert in the subject matter of the dispute and ask him or her to give them an opinion about how the dispute ought to be resolved. The expert's opinion is not binding and the parties use it to negotiate a resolution of the dispute.

**Advantages**: Neutral evaluation can produce early, creative settlements. If the parties are willing to listen and to compromise, the opinion of an expert they mutually select can provide a solid foundation for a long-lasting agreement.

**Disadvantages**: An expert can be expensive. The parties usually agree that neither the expert nor his or her opinion can be used in a trial if they cannot agree.

**COURT-SUPERVISED SETTLEMENT CONFERENCE**

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a court-supervised settlement conference officer. The settlement conference judge or officer does not make a decision that is binding upon the parties. The judge or settlement officer helps the parties evaluate the case and to make decisions about settlement.

**Advantages**: A mandatory settlement conference gives the parties an opportunity before trial to negotiate a settlement in light of what they learned investigating the case and through discovery. The opinion of a settlement judge about the most likely outcome may inspire the parties to reevaluate their positions.

**Disadvantages**: A mandatory settlement conference is usually late in the life of a litigated dispute. It comes only after time and money has been spent preparing for trial. The parties' positions may have been hardened by what they have been through and they may be less willing to compromise.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: | | |
| FIRM NAME: | | |
| STREET ADDRESS: | | |
| CITY: | STATE: ZIP CODE: | |
| TELEPHONE NO.: | FAX NO.: | |
| EMAIL ADDRESS: | | |
| ATTORNEY FOR *(name):* | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | | |
| **CASE MANAGEMENT STATEMENT**<br>***(Check one):*** ☐ **UNLIMITED CASE** (Amount demanded exceeds $35,000) ☐ **LIMITED CASE** (Amount demanded is $35,000 or less) | | CASE NUMBER: |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by *(name):***

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☐ days *(specify number):*

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. Email address:

f. Fax number:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. c. In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ____________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| ______________________________<br>(TYPE OR PRINT NAME) | ▶ ______________________________<br>(SIGNATURE OF PARTY OR ATTORNEY) |
| ______________________________<br>(TYPE OR PRINT NAME) | ▶ ______________________________<br>(SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

# SUPERIOR COURT, STATE OF CALIFORNIA
# COUNTY OF SAN LUIS OBISPO

**Department P-2**
**(Effective August 8, 2023)**

STANDING CASE MANAGEMENT ORDER FOR CASES ASSIGNED TO THE HON. MICHAEL C. KELLEY

---

**INSTRUCTIONS TO PLAINTIFF(S)/CROSS-COMPLAINANT(S):**

**YOU shall serve a copy of this Standing Case Management Order on all Defendants/Cross-Defendants at the same time the complaint/cross-complaint is served.**

## I. GENERAL MATTERS

A. It is the Court's policy to provide a dignified forum in which to resolve disputes in a peaceful, professional, legally correct, and expeditious manner. The following rules are designed to achieve these goals. It is not the Court's intention to prohibit a party from raising any issue by any means allowed by Rule of Court, Code, or statute. If any of the rules or procedures discussed herein creates a problem, counsel should raise the matter with the Court at the earliest opportunity.

B. Electronic communication with the courtroom clerk is permissible for routine communications having to do with scheduling, stipulated continuances, and/or joint requests. Substantive arguments are not permitted unless approved by the Court. In any correspondence with the clerk, opposing counsel should be copied to avoid ex-parte communications. The clerk's email address is kimberly.hernandez@slo.courts.ca.gov.

## II. CASE MANAGEMENT CONFERENCES ("CMC")

A. Unless otherwise specifically ordered, CMC Statements are required. The Court expects that counsel will be prepared to thoroughly discuss the status of the case, discovery, amenability to mediation, and any unusual factual, legal, or evidentiary issues that may need resolution. Counsel who fails to appear will typically be set for an OSC hearing why sanctions should not be issued. The initial amount is ordinarily $250.00.

B. Early mediation is strongly encouraged. Good faith participation in mediation will ordinarily excuse participation in a Mandatory Settlement Conference.

## III. MEDIATION

A. The parties are strongly encouraged to engage in early, meaningful mediation. Mediation will ordinarily take place within 90-120 days of all parties' first appearance, but a longer time may be allowed.

B. Parties who agree to private mediation should comply with the mediator's instructions regarding briefing and payment of fees, which ordinarily should be divided equally.

C. A worthwhile mediation process means that parties, attorneys, and any other person whose consent or authority is required to achieve a final disposition of the dispute shall be present, as well as a representative of any insurer who has authority to settle the case for any amount up to the limits of the policy.

D. All Plaintiffs should file a one-page "Notice of Mediation" with the clerk's office notifying the Court of the date of the mediation and the name of the mediator.

## IV. LAW AND MOTION MATTERS

A. To the extent practicable, the Court will post tentative rulings on law and motion matters on the Court's website no later than 5 p.m. before the hearing. The Court's website is located at www.slo.courts.ca.gov.

B. When parties agree to submit the matter based on a tentative ruling, counsel should promptly notify both the courtroom clerk and the research attorneys via e-mail or by phone. If the parties agree to have a matter taken off calendar, they must file a stipulation and proposed order no later than five court days before the hearing. This is important to avoid unnecessary commitment of judicial resources to moot matters. The contact information for the research attorneys is SloCourtAttorneys@slo.courts.ca.gov. If a future date is needed, at least one party should be present to select such a date.

C. Resolution of Discovery Disputes

1. The parties may stipulate to proceeding with an informal Pretrial Discovery Conference in lieu of filing and serving discovery motions under Sections 2016.010 through 2036.050. In that event, the parties shall proceed as follows:

   a. All parties to the discovery dispute shall sign a written stipulation electing to resolve the specified discovery dispute(s) between them according to the procedure outlined in this section IV.C. In such event, the parties stipulate to waive their right to proceed with regularly noticed motions and stipulate that the Court can issue binding discovery orders as a full and final resolution of such dispute(s).

   b. Any request for a Pretrial Discovery Conference must be filed with the clerk's office on the approved form (which is available online or can be requested from the clerk), must include a summary of the dispute (5-page limit), and must be served on opposing counsel in the same manner as the request is filed with the clerk. Any opposition to a request for a Pretrial Discovery Conference must also be filed on an approved form (provided by the clerk), must include a summary of why the requested discovery should be denied (5-page limit), must be filed within two (2) business days of receipt of the request, and must be served on opposing counsel in the same manner as the opposition is filed with the clerk.

   c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d. The parties will be notified by minute order whether the request has been granted or denied and, if granted, the date and time of the Pretrial Discovery Conference. Counsel are to be personally present at the Pretrial Discovery Conference. Remote appearances via Zoom are acceptable. Court Call is not permitted.

   e. The Court will issue a binding order at the conclusion of the Pretrial Discovery Conference.

D. Default Prove-ups

1. The Court strongly encourages parties to submit evidence of damages in support of a judgment after default in the form of written declarations. Accordingly, hearings to receive live testimony and other evidence reflecting damage claims will not be scheduled until after the party seeking a default judgment has first attempted to prove the nature and extent of monetary damages by written declarations. If live testimony is required after review of written declarations, the Court will contact the party to schedule a hearing.

## V. READINESS CONFERENCE

A. These conferences are typically scheduled at least 2 weeks before trial. At these conferences, trial counsel may be *personally present* or may appear remotely via Zoom, and be prepared to discuss at least the following topics:

1. Estimated trial length. A jury trial will ordinarily be in session from Monday through Thursday from 10:30 a.m. to noon and 1:30 p.m. to 4:30 p.m.

2. Number, timing, and availability of witnesses, as well as any special witness needs, or the need to call witnesses out of order.

   a. Counsel have responsibility for arranging the appearance of all witnesses during their presentation of the case to eliminate delays. Counsel should confer among themselves as to when witnesses will be needed *at least 24-48 hours in advance of a witness' testimony.*

   b. Counsel are to inquire of their clients and witnesses to determine whether they need any type of accommodation, whether with an interpreter, under the Americans with Disabilities Act, or any other type of assistance.

3. Numbering and exchange of exhibits. The parties are encouraged to agree upon an exhibit numbering system. Exhibits in the case-in-chief shall be pre-marked and exchanged *no later than the morning of trial and earlier if feasible.* The use of exhibit books or binders is strongly encouraged.

4. Voir dire procedures, mini-opening statements, and jury questionnaires. Counsel should attempt to agree upon a brief neutral statement of the case to be read to the prospective jury panel. A questionnaire should include a joint written witness list.

5. Jury instructions and verdict forms.

   a. Counsel are to deliver all proposed instructions, final proposed verdict forms and requests for special findings to the Court and to opposing counsel *no later than the morning of trial.* Proposed instructions shall be complete in all respects without unfilled "blanks" or "bracketed" portions.

   b. Before the Readiness Conference counsel are to meet and confer with the goal of reducing the amount of contested jury instructions and/or verdict forms. Within two (2) court days after beginning trial, all counsel should notify the Court in writing as to which of the proposed instructions and verdict forms are acceptable to all parties, and which are disputed.

6. Stipulations to reduce the length of trial. Counsel should consult with each other regarding all possible stipulations and reduce them to writing. In particular, counsel should consider waiving the necessity for authentication/foundational evidence for all trial exhibits, unless authentication is an important issue. Agreements in this regard do not operate as a waiver of other proper trial objections.

7. Motions in limine. Prior to hearings on motions in limine, counsel should review *Kelly v. New West Federal Savings* (1996) 49 Cal.App.4th 659, 669-677, and its progeny. Counsel shall advise their clients and witnesses about rulings on motions in limine that pertain to evidentiary issues. Counsel will be held responsible for any violations of rulings on motions in limine. Motions in limine will typically be scheduled to be heard on the first day of trial unless specially set by the Court.

8. Trial briefs and other pre-trial documents, such as Witness and Exhibit Lists, motions in limine, verdict forms, and a Joint Statement of the Case are to be filed no less than 2 weeks before the Readiness Conference. Oppositions to motions in limine must be filed no less than 1 week before the Readiness Conference.

## VI. TRIAL

A. The Court will typically hear organizational and scheduling matters, procedural issues and in limine motions at the beginning of trial, including any matters left over or continued from the Readiness Conference.

   1. Originals of all depositions to be used in the trial are to be lodged with the clerk at the beginning of trial. At the end of the trial, these depositions can be picked up from the clerk, or they can be returned by mail at the party's expense.

2. Parties are to contact the Jury Commissioner on the first day of trial to arrange payment of jury fees.

B. Jury Selection Procedures

1. Jury selection ordinarily begins at 1:30 p.m. the first day of trial. If a questionnaire is used, the Court will consider hardships on the first day of trial, jurors will adjourn to complete the questionnaires, and the attorneys will receive the random list. Voir dire will begin at 10:00 a.m. on day two of trial.

2. Mini opening statements of no more than 3 minutes per side are encouraged before jury selection.

3. After the entire panel is screened for hardship, eighteen names are drawn at random, and voir dire is conducted.

4. Challenges for cause are exercised and ruled upon at sidebar. Upon request, counsel will be given the opportunity to make a record of any unreported sidebar conference once the jury is not present.

5. At least two alternate jurors are typically selected. If it becomes necessary to substitute an alternate juror, the first alternate chosen will be the first substitute.

6. Trial Procedures

    a. No charts, diagrams or other exhibits should be shown or read aloud to the jury unless by stipulation or after admission of the item into evidence.

    b. Counsel should provide hard copies of any power point presentations, audio or video recordings and the like to opposing counsel in advance of showing them to the jury.

    c. If counsel will seek to introduce an audio recording (or audio portion of a video recording), please review California Rule of Court 2.1040.

    d. Marking documents out of files: Please review *Neal v. Farmers Insurance Exchange* (1978) 21 Cal.3d 910, 923-924.

    e. Any object that cannot be folded into 8½" x 11" such as models, blowups, etc. should be accompanied by either a photograph or a photocopy to be retained by the Court in lieu of the oversized exhibit.

    f. When objections are made, counsel shall only state the legal basis, without speaking objections.

    g. Sidebar conferences are normally held off the record. Counsel may make a record of any unreported sidebar conference at an appropriate opportunity in the proceedings. During trial, if counsel wish to place matters on the record, he or she may so request, and the Court will provide an opportunity to do so, ordinarily at the end of the trial day once the jury has been excused.

7. Post-Trial Procedures

    a. After the verdict is rendered by the jury, the prevailing party is expected to prepare the proposed judgment, which should be submitted on the next court day following trial unless otherwise ordered.

b. Counsel should make arrangements with the clerk to withdraw exhibits in cases that will not be appealed. The clerk will hold the exhibits for sixty days after the filing of the notice of entry of judgment. Any exhibits remaining after that time will be destroyed unless a notice of appeal is filed.

**DATED: August 8, 2023**

**/S/ Michael C. Kelley**
**HON. Michael C. Kelley**
***Judge of the Superior Court County of San Luis Obispo***